**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| JEZEL D. PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY CREDIT, INC.,<br><br>Defendant. | Case No. 2:24-cv-03388<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692**<br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** JEZEL D. PERKINS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of SENTRY CREDIT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress Defendant's violations of the

1

Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code § 1788.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Central District of California and all of the events or omissions giving rise to the claims occurred in the Central District of California.

**PARTIES**

5. Plaintiff is a consumer and a natural person, over 18-years-of-age who, at all times relevant resided in Los Angeles, California.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Defendant is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 2809 Grand Avenue, Everett, Washington, 9820.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8.  The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("alleged debt") said to be owed by Plaintiff.

9.  In December 2023, Plaintiff began receiving collection phone calls to her cellular phone number (413) XXX-2507 from Defendant, seeking payment for an unspecified alleged debt.

10. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2507. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant primarily calls Plaintiff's cellular phone using the number (855) 740-3448 but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activities.

13. Upon answering a call from Defendant, Plaintiff learned that it was a debt collector attempting to reach Plaintiff. However, Defendant failed to specify the nature of the alleged debt, leaving Plaintiff unaware as to what the debt was regarding. Further, Plaintiff informed Defendant that its calls were unwelcome and demanded that Defendant cease calling her.

3

14. Nevertheless, Defendant continued to harass Plaintiff with calls, seeking payment on an alleged debt.

15. Moreover, Defendant would leave pre-recorded voicemail messages on various phone calls that Plaintiff did not answer.

16. Furthermore, when Plaintiff attempted to call the phone number Defendant used to contact her and demand its calls cease, she would hear a repeated beep, and was unable to reach a live representative.

17. On or around January 27, 2024, Plaintiff called the phone number listed on Defendant's website, (800) 608-2581, and made an additional demand for it to cease calling her.

18. In response to Plaintiff's demand, Defendant's representative stated it would not stop calling and that Defendant would use any means necessary to get a hold of Plaintiff.

19. Since Plaintiffs initial request in December 2023, Defendant has placed numerous phone calls to Plaintiff's phone to collect an alleged debt.

20. Plaintiff has been unnecessarily harassed by Defendant's conduct.

21. Frustrated over Defendant's Conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

22. Plaintiff suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection

communications, emotional distress and the resulting physical manifestations of the same, and violations of her state and federally protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

### COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

25. The alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

27. Defendant used collection calls to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

28. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, d(5) e, e(2), e(10) and f through its unlawful debt collection practices.

    **a.**    **Violations of FDCPA § 1692c**

29. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known

or which should be known to be inconvenient to the consumer…."

30.    As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

31.    Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

32.    In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

33.    Defendant violated § 1692c(a)(1) by placing collection calls to Plaintiff's cellular phone at a time Defendant knew to be inconvenient for Plaintiff.

**b.    Violations of FDCPA § 1692d**

34.    The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35.    Defendant violated §§ 1692d & 1692d(5) by placing collection calls to Plaintiff's cellular phone number in an attempt to collect the alleged debt after Plaintiff requested that the calls cease.

6

36. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

37. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

38. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

39. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**c. Violations of FDCPA § 1692e**

40. Defendant violated §1692e, e(2) and e(10) by using false, deceptive, and misleading representation in connection to collection of an alleged debt. Defendant knew its calls were unwelcomed at the time Defendant demanded payment from Plaintiff yet Defendant deceptively misrepresented Defendant's legal right to continue calling consumers after it is made aware that such calls are unwelcome.

41. Furthermore, Defendant acted wrongfully when it continued to make calls to collect on the alleged debt when it was informed that the Plaintiff did not consent to any calls from Defendant to Plaintiff.

**d. Violations of FDCPA § 1692f**

42. Defendant violated §1692f by using unfair and unconscionable means to collect the alleged debt. Plaintiff demanded Defendant cease its collection attempts multiple times, yet Defendant unfairly harassed Plaintiff with its collection efforts

7

anyway in hopes that Plaintiff would make a payment.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of placing collection calls to collect on a debt that when it is no longer permitted to place such calls.

44. Upon information and belief, Defendant has no system in place to assure its debt collection practices are in compliance with the FDCPA.

45. As pled above, Plaintiff has been harmed as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff JEZEL D. PERKINS, respectfully requests this Honorable Court grant the following relief:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    c.    Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    d.    Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    e.    Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

48. The alleged debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

49. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

50. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

51. As outlined above, through its conduct in attempting to collection upon the alleged debt, Defendant violated 1788.17; through its violations of 15 U.S.C. §§ 1692c(a)(1), d, d(5) e, e(2), e(10) and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct through its engagement with Plaintiff, in violation of the RFDCPA.

52. Defendant willfully and knowingly violated the RFDCPA through its

unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

53. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JEZEL D. PERKINS, respectfully requests this Honorable Court grant the following relief:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. § 1692k;

    c.    Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

    d.    Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    e.    Award Plaintiff costs and reasonable attorney's fees; and

    f.    Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | | |
|---|---|---|
| Date: April 24, 2024 | | Respectfully submitted, |

**JEZEL D. PERKINS**

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-3077646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com