UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZEL D PERKINS,<br><br>  Plaintiff(s),<br><br>v.<br><br>SENTRY CREDIT INC,<br><br>  Defendant(s). | Case No.  2:24−cv−03388−AB−JPR<br><br>**ORDER SETTING SCHEDULING CONFERENCE IN CIVIL CASE**<br><br>[REVISED MARCH 15, 2024]<br><br>**Date:   October 4, 2024<br>Time:  10:00 a.m.<br>Courtroom: 7B** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to Judge André Birotte Jr. and is set for a Scheduling Conference on the above date in Courtroom 7B of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012. If plaintiff has not already served the operative complaint on *all* defendants, plaintiff *promptly* must do so and must file proofs of service within three days thereafter. Defendants also must timely serve and file their responsive pleadings, and within three days thereafter, file proofs of service. At the scheduling conference, the Court will set a date by which motions to amend the pleadings or add parties must be heard.

The Scheduling Conference will be held pursuant to Fed. R. Civ. P. 16(b). The parties are reminded of their obligations under Fed. R. Civ. P. 26(a)(1) to make

1

initial disclosures without awaiting a discovery request, and under Fed. R. Civ. P. 26(f) to confer on a discovery plan by 21 days before the Scheduling Conference. The Court encourages counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference.

**I.    Joint Rule 26(f) Report**

The Joint Rule 26(f) Report **must be filed by 14 days** before the Scheduling Conference.

The Report must be prepared and signed by all parties. Unless the parties agree otherwise, the plaintiff bears the primary responsibility of drafting the Report and filing it on all parties' behalf. A "Joint" Report means a single report, regardless of how many separately represented parties there are. The Joint Rule 26(f) Report must specify the date of the Scheduling Conference on the caption page. It must report on all matters described below, as specified by Fed. R. Civ. P. 26(f) and Local Rule 26:

   A.   Statement of the Case:  A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

   B.   Subject Matter Jurisdiction:  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

   C.   Legal Issues:  A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

   D.   Parties, Evidence, etc.:  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

   E.   Damages:  The *realistic* range of provable damages.

   F.   Insurance:  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

   G.   Motions:  A statement of the likelihood of motions seeking to add other

    parties or claims, file amended pleadings, transfer venue, etc.

 H. <u>Dispositive Motions</u>:  A description of the issues or claims that any party believes may be determined by motion for summary judgment.

 I. <u>Manual for Complex Litigation</u>:  Whether all or some of the procedures of the Manual for Complex Litigation should be utilized.

 J. <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed discovery.

 K. <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, changes in the disclosures under Fed. R. Civ. P. 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

 L. <u>Discovery Cut-off</u>:  A proposed discovery cut-off date. This means the final day for **completion of discovery**, including resolution of all discovery motion.

 M. <u>Expert Discovery</u>:  Proposed dates for initial and rebuttal expert witness disclosures, and an expert discovery cut-off date under Fed. R. Civ. P. 26(a)(2).

 N. <u>Settlement Efforts to Date and Alternative Dispute Resolution ("ADR")</u>: The parties MUST include a statement of what settlement discussions have occurred to date (excluding any statement of the terms discussed). The parties must also indicate their preferred ADR Procedure. If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court will refer it to the magistrate judge, the Court Mediation Panel, or to private mediation (at the parties' expense). The

parties must indicate their ADR preference. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

O. Trial Estimate:  A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court. Each side should specify the number of witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must be prepared to discuss in detail the basis for the estimate.

P. Trial Counsel:  The name(s) of the attorney(s) who will try the case.

Q. Independent Expert of Master:  Whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a difficult computation of damages, etc.).

R. Schedule Worksheet:  A Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") is attached to this Order and is available for your use as a Word file on Judge Birotte's webpage. Complete this Worksheet and include it with your Joint Rule 26(f) Report. The parties **MUST** file a completed Worksheet with their Joint Rule 26(f) Report. The Court **ORDERS** the parties to make every effort to agree on dates. The entries in the "Suggest. Weeks Before FPTC" column reflect a default schedule that the Court believes is appropriate for most cases and will allow the Court to rule on potentially-dispositive motions sufficiently in advance of the Final Pretrial Conference. However, if counsel believes a case warrants either an abbreviated or an extended schedule, they may so

propose. Each date should be stated as month, day, and year, e.g., 10/03/2025. Hearings must be on Fridays at 10:00 a.m. Other deadlines (those not involving the Court) can be any day of the week. Trials are set for Mondays. Counsel must avoid holidays. The Court may order different dates from those counsel proposed. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be *heard*. The "last date" for motions is the last date on which motions may be *heard*, not filed. If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate Stipulation and Proposed Order. This is often appropriate for class actions, patent cases, and cases for benefits under Employee Retirement Income Security Act of 1974 ("ERISA").

S. <u>Other issues</u>:  A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdiction, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

**II.   <u>Scheduling Conference</u>**

A. <u>Continuances</u>:  A request to continue the Scheduling Conference will be granted only for good cause.

B. <u>Vacating the Scheduling Conference</u>:  The Court often vacates the Scheduling Conference and issues the Scheduling Order based solely on the Joint Rule 26(f) Report.

C. <u>Participation</u>:  If there is a hearing, lead trial counsel must attend.

### III. Notice to be Provided by Counsel

Plaintiff's counsel or, if plaintiff is appearing pro se, defendant's counsel, must provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

### IV. Disclosures to Clients

Counsel are ordered to deliver to their clients a copy of this Order and of the Court's Order Re: Jury/Court Trial, which will contain the schedule that the Court sets at the Scheduling Conference.

### V. Court's Website

This and all other generally applicable orders of this Court are available on the Central District of California website, www.cacd.uscourts.gov, and on Judge Birotte's webpage, http://www.cacd.uscourts.gov/honorable-andré-birotte-jr

The Local Rules are also available on the Court's website.

**Parties appearing pro se must comply with Federal Rules of Civil Procedure and the Local Rules.** *See* **Local Rules 1-3, 83-2.2.3**

The Court thanks the parties and their counsel for their anticipated cooperation.

**IT IS SO ORDERED.**

DATED: July 30, 2024

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

# JUDGE ANDRÉ BIROTTE JR.
# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Plaintiff's Proposed Date mm/dd/yyyy** | **Defendant's Proposed Date mm/dd/yyyy** |
| Check one: [ ] Jury Trial or [ ] Court Trial **[Monday at 8:30 a.m., about 18 months after Complaint filed]** Estimated Duration, in days: | | ____days | ____days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine **[Friday at 11:00 a.m., at least 17 days before trial]** | | | |
| **Event** [1] *Note:* Hearings must be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Suggest. Weeks Before FPTC**[2] | **Plaintiff's Proposed Date mm/dd/yyyy** | **Defendant's Proposed Date mm/dd/yyyy** |
| Last Date to **Hear** Motions to Amend Pleadings/Add Parties *[Friday]* | 12-16 weeks after Sched. Conf. | | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | | |
| Expert Disclosure (Initial) | | | |
| Expert Disclosure (Rebuttal) | | | |
| Expert Discovery Cut-Off | 12[3] | | |
| Last Date to **Hear** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed<br>***For Cross-Motions, See Standing Order.*** | 12 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | | |
| ***Alternative Dispute Resolution ("ADR") Procedure (select one):*** (Magistrate Judge *[with Court approval]*, Court's Mediation Panel, or Private Mediation) | | [ ] 1. Mag. Judge<br>[ ] 2. Panel<br>[ ] 3. Private | [ ] 1. Mag. Judge<br>[ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 minimum | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 minimum | | |

---

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** *This is often appropriate for class actions, patent cases, and ERISA cases.*
[2] **This is the Court's recommended default timeline for certain events. The parties are welcome to propose different intervals as needed for their case.**
[3] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**